```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION

KRISTY HANVEY HOPKINS,         }
                               }
     Plaintiff,                }
                               }     CIVIL ACTION NO.
v.                             }     04-AR-3124-S
                               }
WAL-MART STORES, INC.,         }
                               }
     Defendant.                }
```

**MEMORANDUM OPINION**

The court has before it the post-verdict alternative motion of defendant, Wal-Mart Stores, Inc., for judgment as a matter of law, for judgment notwithstanding the verdict, for a new trial, and for a remittitur.  Defendant has also filed a supplement to its motion.  Defendant's motion contains many grounds and many arguments, some of which are not entirely lacking in merit, and some of which are without merit.  To distinguish between these two categories would take more effort than this court is willing to expend at this juncture in the case, particularly inasmuch as most of defendant's arguments are repetitions of its arguments made earlier and rejected after serious debate.  Defendant has said nothing to cause the court to change its mind.

There are two matters, however, that the court will comment on.  The first is that while plaintiff, Kristy Hanvey Hopkins, in order to recover for retaliatory discharge, necessarily contended, and defendant denied, that there was more than one supervisory employee of defendant who was involved in defendant's

decision to terminate her, and that at least one, playing "cat's paw" and who knew of her protected activity, contributed to the decision in a way that was attributable to defendant, neither she nor defendant pointed to the possible significance of *BCI Coca-Cola Bottling Co. of Los Angeles v. Employee Employment Opportunity Commission*, 450 F.3d 476 (10th Cir. 2006), as to which the Supreme Court granted *certiorari* after the jury in the instant case entered its verdict in favor of Hopkins and against Wal-Mart.  When it decides *Coca-Cola*, the Supreme Court may provide relevant guidance as to the extent to which an employer can be held liable for a subordinate's participation in, and shaping of an ultimate adverse employment decision by the employer, as well as of the possible ameliorating effect of any independent investigation conducted by the employer before its final decision-maker made his decision.  This court cannot wait for the Supreme Court to decide *Coca-Cola*.  Besides, this court does not believe that the investigation that was conducted by defendant in this case regarding alleged misconduct by plaintiff, could have been sold to the jury by Wal-Mart as "independent" under the circumstances of this case, a fact that distinguishes this case from *Coca-Cola* in respect to the possible ameliorating effect of such an investigation.

   Secondly, defendant's contention that the jury result here was tainted by the misconduct of plaintiff's counsel is not a

2

contention with which this court can agree.  Most trials are imperfect, and this trial was no exception.  To the extent plaintiff's counsel are due to be sanctioned, short of punishing their client with another lengthy trial, any inappropriate conduct will be dealt with when the court rules on defendant's earlier filed motion for sanctions and when the court rules on any petition for attorney's fees and expenses that is timely filed by plaintiff.

After the verdict, the court asked the parties to brief the non-jury question presented by plaintiff's alternative prayer for reinstatement or for front-pay.  Plaintiff now makes clear that she wants to be reinstated, the remedy that is preferred in Title VII jurisprudence.  Plaintiff may regret her choice, as may defendant, but under the circumstances, plaintiff is entitled to reinstatement.  A final judgment of reinstatement will be separately entered.  Plaintiff's motion for pre-judgment interest will be denied.

DONE this 29th day of January, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE