IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KRISTY HANVEY HOPKINS,   } | |
| } | |
|     Plaintiff,   } | |
| } | CIVIL ACTION NO. |
| v.   } | 04-AR-3124-S |
| } | |
| WAL-MART STORES, INC.,   } | |
| } | |
|     Defendant.   } | |

## MEMORANDUM OPINION AND ORDER

On February 26, 2007, the court conducted an oral hearing on all pending post-judgment motions.  For the reasons there shared with the parties, and without objection from either party, the court will withhold ruling on all motions that deal with plaintiff's entitlement to, and/or the amount of, attorney's fees and expenses until defendant's appeal has been concluded, except for plaintiff's motion for leave to petition for attorney's fees and expenses out of time, a motion that has been separately granted.

Defendant's objections to plaintiff's cost bill, which has been routinely referred to the cost clerk, will be initially ruled on by the cost clerk without reference to defendant's objection based upon plaintiff's counsels' alleged misconduct. That particular objection, along with defendant's still pending motion for sanctions, will be ruled upon by the court after defendant's appeal has been concluded.

Defendant's motion for a stay of enforcement of the order

requiring the reinstatement of plaintiff, a motion which defendant concedes can be granted only if defendant satisfies the court (1) of a reasonable likelihood of success on its appeal; (2) of irreparable harm to defendant in the absence of a stay; (3) of no substantial injury to plaintiff; and (4) that the public interest will be served by the granting of a stay, is DENIED.  Without having considered the affidavit of Ruther Green, submitted by plaintiff in defense of defendant's motion for a stay, and which has separately been stricken on defendant's motion, the court nevertheless cannot make the requisite findings for staying enforcement of the injunctive portion of the final decree, even if a supersedeas bond covering the injunction could reasonably be devised.  The court does, however, find, and hereby ORDERS to the extent of this court's power to do so, that any compliance by defendant with the injunction shall not constitute a waiver of its appeal or any of its aspects.

Insofar as a stay of execution to collect the monetary judgment pending the appeal is concerned, a stay will automatically be in force if and when defendant posts a supersedeas bond in favor of plaintiff in the sum of $410,000.00 in proper form and with a corporate surety approved by the Clerk.

DONE this 27th day of February, 2007.

```
                              _____
                              WILLIAM M. ACKER, JR.
                              UNITED STATES DISTRICT JUDGE
```